IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **KARL CORBETT** | : |
| **100 GREEN STREET** | : Case No. 1:22-cv-682 |
| **CHILO, OH 45112** | : |
| | : **Judge** _____ |
| **AND** | : |
| | : |
| **BRENDA CORBETT** | : |
| **100 GREEN STREET** | : |
| **CHILO, OH 45112** | : |
| | : |
| *Plaintiffs*, | : |
| **v.** | : |
| | : |
| **MLINK TECHNOLOGIES, INC.** | : |
| **501 EAST CORPORATE DRIVE, SUITE 100** | : |
| **LEWISVILLE, TX 75057,** | : |
| | : |
| **DANIEL SWEET** | : |
| **1334 BRITTMOORE RD., SUITE 1702** | : |
| **HOUSTON, TX 77043,** | : |
| | : |
| **JEREMY DAVIS** | : |
| **1334 BRITTMOORE RD., SUITE 1702** | : |
| **HOUSTON, TX 77043,** | : |
| | : |
| **AND** | : |
| | : |
| **WES PARKER** | : |
| **1334 BRITTMOORE RD., SUITE 1702** | : |
| **HOUSTON, TX 77043,** | : |
| | : |
| *Defendants.* | |

**COMPLAINT FOR MONEY DAMAGES AND EQUITABLE RELIEF**

NOW COME PLAINTIFFS, Brenda and Karl Corbett, ("Plaintiffs" or the "Corbetts") by and through their undersigned counsel, and for their complaint against Defendants MLink Technologies, Inc. ("MLink"), Daniel Sweet ("Sweet"), Jeremy Davis ("Davis"), and Wes Parker ("Parker") (collectively, MLink, Sweet, Davis, and Parker are referred to as the "Defendants")

state as follows:

## NATURE OF THE CASE

1. This is an action related to the breach of a Stock Purchase Agreement and breach of a Promissory Note, arising from the Corbett's sale of stock in their company, Sasha Corporation, to MLink in 2021.

2. In addition to its breach of contract claims, Plaintiffs are bringing a fraud claim related to misrepresentations made by MLink and its agents, and additionally seek a declaratory judgment.

## THE PARTIES

3. Plaintiffs Brenda and Karl Corbett are citizens of Ohio, residing at 100 Green Street, Chilo, Ohio 45112.

4. Defendant MLink Technologies Inc., upon information and belief, is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Lewisville, Texas, and is a citizen of Texas.

5. Defendant Daniel Sweet, upon information and belief, resides in Texas and is a citizen of Texas.

6. Defendant Jeremey Davis, upon information and belief, resides in Texas and is a citizen of Texas.

7. Defendant Wes Parker, upon information and belief, resides in Texas and is a citizen of Texas.

## Jurisdiction and Venue

8. There is complete diversity of citizenship between Plaintiffs and Defendants. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.

Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the lawsuit occurred in Cincinnati, Ohio, which is within this district.

**Facts Common to All Claims**

10. Sasha Corporation, Inc. is an Ohio corporation. It is a small business that was operated by the Corbetts until August 31, 2021. Sasha Corporation provides executive coaching seminars and training materials to its customers.

11. MLink, upon information and belief, provides digital/online learning programs to its customers, such as employee training interactive videos.

12. Upon information and belief, Defendants, Sweet, Davis and Parker were and are owners of MLink from August of 2021 to at least September of 2022.

13. Upon information and belief, Defendant Davis was the President of MLink, and the President of Sherpa Corporation, from August of 2021 to September of 2022.

14. Upon information and belief, Defendants Sweet, Davis and Parker are or were officers and/or directors and/or authorized representatives of MLink.

15. On or about August 2021, the Corbetts and MLink, represented by MLink's attorney Colleen Migl, were negotiating a purchase of Sasha Corporation's stock by MLink from the Corbetts (the "Transaction").

16. The Corbetts and MLink agreed the sale would be completed via the sale of Sasha Corporation's stock.

17. Rather than tendering the purchase price for the Sasha Corporation's stock at the time of the closing of the Transaction, the purchase of the stock was to be funded by a

promissory note executed in favor of the Corbetts and executed by MLink.

18. On August 27, 2021, during negotiations of the Transaction, counsel for the Corbetts sent a draft of promissory note to the Defendants' agent, Colleen Migl, which included a proposed personal guaranty to be signed by each of Defendants Sweet, Davis and Parker.

19. The guaranty would created personal liability for each of Defendants Sweet, Davis and Parker to personally guaranty all payments owed to the Corbetts on the Promissory Note.

20. On August 27, 2021, in an email sending the draft promissory note to the Corbetts' counsel, Migl stated to the Corbetts, in relevant part, "… I've also removed the personal guaranty. **MLink is well-capitalized and well-established**." (emphasis added.) Attached to the email was a redlined copy of the draft .Doc Word Document in which the personal guaranty to be signed by Defendants Sweet, Davis and Parker had been removed by Migl.

21. In reliance upon statements made by Migl on behalf of the Defendants, the Corbetts were induced to forego the personal guaranty of all payments by Defendants Sweet, Davis and Parker.

22. On August 31, 2021, the Corbetts and MLink executed a Stock Purchase Agreement (the "Agreement") whereby MLink would purchase all of the issued and outstanding shares of Sasha Corporation, Inc. for $1,015,786.00 (the "Purchase Price"). A copy of the Agreement is attached hereto and incorporated herein as **Exhibit A.**

23. Section 1.2 of the Agreement provides that the Purchase Price is payable pursuant to a Promissory Note executed by MLink in favor of the Corbetts, bearing no interest, with the first payment due on September 30, 2022, and continuing for four additional years thereafter.

(**Ex. A**.)

24. Section 1.2.1 of the Agreement provides that MLink shall make $200,000 annual payments on the note, beginning on September 30, 2022 and continuing for four years thereafter with payment due on each September 30. At the end of the period, MLink was to pay an amount equal to $15,786.00, totaling an amount equal to the Purchase Price. (**Ex. A**.)

25. In conjunction with the obligations found in the Agreement and other closing documents, MLink and the Corbetts executed a Promissory Note (the "Note") on August 31, 2021, in Cincinnati Ohio.

26. The Note designates MLink as the Debtor and the Corbetts as the Holder. A copy of the Note is attached hereto and incorporated herein as **Exhibit B**.

27. The original signed copy of the Note is in the possession of MLink or MLink's counsel, Ms. Migl, as per the attached declaration of the Plaintiff Karl Corbett, a copy of which is attached hereto and incorporated herein as **Exhibit C**.

28. Pursuant to Paragraph 1.2 of the Note, in the event of default, interest shall accrue on the balance of principal that is due and unpaid during any such period at an annual rate equal to ten percent (10%) but not exceeding the maximum rate permitted by law. (**Ex. B**.)

29. Paragraph 3.1 of the Note states that default occurs upon failure of MLink to pay any installment of the principal payable pursuant to the Note when it is due. (**Ex. B**.)

30. Paragraph 9 of the Note states: "The undersigned [MLink] waives presentment, demand, protest, notice of protest, and notice of nonpayment of this Promissory Note." (**Ex. B**.)

31. Paragraph 10 of the Note provides:

> The undersigned [MLink] authorize any attorney at law to appear in any court of record in the State of Ohio or in any other state or territory of the United States after the above indebtedness becomes due, whether by acceleration or otherwise, to waive the issuing and service of process, and to confess judgment against any one

or more of the undersigned [MLink] in favor of Karl Corbett and Brenda Corbett for the amount then appearing due, together with costs of suit, and thereupon to waive all errors and all rights of appeal and stays of execution. No such judgment or judgments against less than all of the undersigned [MLink] shall be a bar to a subsequent judgment or judgments against any one or more of the undersigned [MLink] as to whom judgment has not been obtained hereon; this being a joint and several warrant of attorney to confess judgment (the "Warrant of Attorney"). (**Ex. B**.)

32. The Corbetts did not receive the first payment of $200,000 from MLink on or before September 30, 2022, as required by Section 1.2.1 of the Agreement and Paragraph 2.1 of the Note.

33. On October 17, 2022, when Karl Corbett asked Defendant Sweet, a representative of MLink, for an update as to the overdue September 30 payment, Defendant Sweet stated: "we're discovering what was kept from us by our most recent President [Jeremy Davis] and are now taking action on fulfilling the debts we were left with. I'm sorry it's taking so long, but we're rearranging personal finances to make repayment a possibility. The upshot is I don't see us able to make a payment before the end of the month. I'm sorry it's put you in a bad position."

34. MLink has further made additional material misrepresentations to Plaintiffs through their agent and attorney, Collen Migl.

35. On October 19, 2022, Defendants, through their agent Migl, misrepresented and confirmed to Plaintiffs that the "Corbetts are to expect the overdue payment due September 30, 2022, from MLink pursuant to the Promissory Note dated August 31, 2021, by not later than the end of this month."

36. According to Migl, the funds for the payment were to come from an upcoming acquisition set to close on or before October 27, 2022.

37. Then on October 27, 2022, Defendants, through their agent Migl, made further misrepresentations relating to the expected closing set for that day.

38. On October 27, 2022, Defendants, through their agent Migl, misrepresented that the anticipated closing, sufficient to generate cash to satisfy the debt payment owed to the Plaintiffs, would not close on that day due to a brief delay caused by Texas Capital Bank, but was still expected to close by October 31, 2022.

39. October 31, 2022, Migl informed the Plaintiffs that in fact there would be no closing, and there would be no forthcoming payment on the Note.

40. Plaintiffs relied upon these material misrepresentations by the Defendants to their detriment resulting in substantial prejudice to their rights and monetary damages.

## COUNT ONE – BREACH OF CONTRACT AGAINST MLINK

41. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this pleading as if fully restated herein.

42. On August 31, 2021, Plaintiffs and MLink entered into the Agreement. The Agreement contemplates that MLink will receive all 200 issued and outstanding shares of Sasha Corporation, Inc. in exchange for MLink's promises to pay the Purchase Price, payable by annual payments of $200,000 over the course of 5 years with the first payment due September 30, 2022.

43. Plaintiffs duly performed all of their obligations and duties under the Agreement when they transferred all of the stock of Sasha Corporation to MLink at the closing on August 31, 2021.

44. MLink has breached the contract by refusing to pay Plaintiffs the first payment of $200,000, despite accepting ownership of the 200 shares of stock.

45. On October 17, 2022, Plaintiffs inquired as to the status of the first payment, and Defendant Sweet stated, "I don't see us able to make a payment before the end of the month."

46. As a result of MLink's nonpayment, MLink is in material breach of the Agreement, and has caused and is causing damages to Plaintiffs in an amount to be determined by the Court, in an amount not less than $1,015,786.00.

### COUNT TWO – CLAIM FOR UNJUST ENRICHMENT AGAINST THE DEFENDANTS

47. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this pleading as if fully restated herein.

48. This Count is pled in the alternative to Count One.

49. The Corbetts conferred a benefit upon the Defendants by virtue of the transfer of the Sasha Corporation stock to MLink.

50. MLink had actual knowledge of the benefit conferred and has not rendered payment to the Corbetts for the benefit conferred.

51. MLink has retained the benefit under circumstances in which it would be unjust to do so without payment to the Corbetts.

### COUNT THREE – CLAIM FOR MONEY JUDGMENT ON COMMERCIAL COGNOVIT PROMISSORY NOTE AGAINST MLINK

52. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this pleading as if fully restated herein.

53. On August 31, 2021, MLink, as the Debtor, executed and delivered to Plaintiffs, as the Holder, a certain commercial cognovit Promissory Note, in writing, in the original principal amount of One Million Fifteen Thousand Seven Hundred Eighty-Six and 00/100 Dollars ($1,015,786.00), payable on an annual basis over a five year period.

54. The Note was executed in Hamilton County, Ohio.

55. Jurisdiction and Venue are proper in this Court because the Note, including the Warrant of Attorney, was executed by MLink in Cincinnati, within the jurisdiction of the Western

Division of the United States District Court for the Southern District of Ohio, and the amount in controversy is greater than $75,000.00.

56. The terms of the Note provided that MLink would make payments on the Note until maturity on September 30, 2026. A copy of the Note is being filed with the Court. (Ex. B.)

57. Upon closing, Plaintiffs received PDF copies of the executed Agreement and the executed Note. Upon information and belief, the original, signed Note is in MLink's possession.

58. MLink has defaulted under the terms of the Note. The defaults specifically include, but are not limited to, failure to make timely payments on the Note, and these defaults have caused Plaintiffs to become insecure concerning the prospect of repayment of the Note.

59. Plaintiffs are the Holder of the Note, have fulfilled all conditions precedent, have accelerated the Note, and elected to demand payment of all the indebtedness on the Note to be immediately due and payable.

60. There appears on the Note, directly above the Maker's signature, in such type size, or distinctive marking that it appears more clearly and conspicuously than anything else on the documents, the warning required under R.C. 2323.13(D).

61. To the best of the undersigned's knowledge, the last known addresses of MLink was in the State of Texas, as follows:

> MLINK TECHNOLOGIES, INC.
> 510 EAST CORPORATE DRIVE, SUITE 100
> LEWISVILLE, TEXAS 75057-6460

62. MLink has failed to pay the sums owing on the Note and Plaintiffs are seeking judgment on the Note for the amounts owing, which was, as of September 30, 2022, One Million Fifteen Thousand Seven Hundred Eighty-Six and 00/100 Dollars ($1,015,786.00), together with interest thereafter, at the rate as specified in the Note, that rate presently being 10%, per annum,

along with reasonable attorney's fees and expenses.

## COUNT FOUR – FRAUDULENT INDUCEMENT AGAINST ALL DEFENDANTS

63. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this pleading as if fully restated herein.

64. MLink, by and through its agents, including but not limited to Migl, misrepresented that MLink was "well-capitalized and well-established" in her August 27, 2021 email to the Corbetts' counsel which was relayed to the Corbetts by their counsel.

65. MLink's misrepresentation that MLink was "well-capitalized and well-established" was material to Transaction, and was intended to induce the Corbetts to agree to the removal of the personal guaranty provisions of the draft promissory note that were proposed with respect to Defendants Sweet, Davis and Parker.

66. MLink's misrepresentations that MLink was "well-capitalized and well-established" were made with knowledge of the falsity thereof, or with reckless ignorance of the falsity thereof, and were made with the intent that the Corbetts would rely upon those statements.

67. The Corbetts did, in fact, rely upon MLink's misrepresentations. The Corbetts relied upon the representation that MLink was "well capitalized" and agreed not to require a personal guaranty of payment from Defendants Sweet, Davis, and Parker on the Promissory Note.

68. MLink now claims that it does not have the capital to fulfill *even the first of its five $200,000 payment obligations* owed to the Corbetts.

69. The Corbetts injury was proximately caused by their reliance on MLink's intentional misrepresentation of its financial condition.

70. As a result of the material misrepresentations made by MLink, through its agents,

10

to the Corbetts, the Corbetts have been damaged in an amount to be determined by the Court, but not less than $1,015,786.00.

### COUNT FIVE – DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201 AS TO ALL DEFENDANTS

71. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs of this pleading as if fully restated herein.

72. A real and present controversy exists between the Corbetts and Defendants Sweet, Davis, and Parker regarding whether Defendants Sweet, Davis, and Parker, as owners of MLink, can be held personally liable for all damages owed to the Corbetts, as a result of MLink's fraudulent conduct.

73. Defendants Sweet, Davis, and Parker controlled and operated MLink as their alter ego.

74. Defendants Sweet, Davis, and Parker operated MLink for their own personal benefit.

75. The Corbetts are entitled to a declaration that MLink is an alter ego of Defendants Sweet, Davis and Parker.

76. The Corbetts are entitled to a declaration that MLink's fraud, and Defendants' utilization and abuse of the corporate form as to MLink to commit that fraud, obligates Defendants Sweet, Davis, and Parker, individually, on any judgment obtained by the Corbetts as to MLink.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a judgment against the Defendants, granting Plaintiffs the following relief:

1. On Count One, for breach of contract, a judgment for money damages in favor of Plaintiffs and against MLink in an amount not less than $1,015,786.00, plus reasonable attorneys' fees, and the costs of this suit;

2. On Count Two, for unjust enrichment, a judgment for money damages in favor of Plaintiffs and against MLink in an amount not less than $1,015,786.00, plus reasonable attorneys' fees, and the costs of this suit;

3. On Count Three, a cognovit judgment on the Note against MLink in the amount, as of September 30, 2022, equal to One Million Fifteen Thousand Seven Hundred Eighty-Six and 00/100 Dollars ($1,015,786.00), together with interest accruing thereafter on the principal balance at the rate as specified in the Loan Documents, that rate presently being 10%, plus expenses and other sums as provided in the Loan Documents, plus reasonable attorney's fees and costs;

4. On Count Four, for fraudulent inducement and fraudulent misrepresentation, money damages against all of the Defendants in an amount not less than $1,015,786.00, plus reasonable attorney's fees and costs; and

5. On Count Five, that the Court issue a declaration pursuant to Fed.R. Civ.P. 57 and 28 U.S.C. § 2201 that:

   a. One or more of Defendants Sweet, Davis, and Parker controlled and operated MLink as their alter ego;

  b. One or more of Defendants Sweet, Davis, and Parker operated MLink for their own personal benefit;

  c. One or more of Defendants Sweet, Davis, and Parker participated in defrauding the Corbetts and are personally liable for MLink's fraudulent conduct committed against the Corbetts; and

  d. The foregoing fraud requires Defendants Sweet, Davis, and Parker to be held personally liable for any damages or judgment owed by MLink to the Corbetts, including money damages, and costs and attorneys' fees.

  6. For such other and further relief to which Plaintiffs may be entitled in equity or at law.

Dated this 1st of November, 2022.

            Respectfully submitted,

            **BAILEY CAVALIERI**

            */s/Christopher B. Burch*
            Christopher B. Burch, Esq. (0087852)
            John F. Marsh (0065345)
            10 W. Broad Street Suite 2100
            Columbus, Ohio 43215
            Telephone: (614) 221-3155
            Facsimile: (614) 221-0479
            cburch@baileycav.com
            jmarsh@baileycav.com

            *Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury on all issues so triable.

            */s/Christopher B. Burch*
            Christopher B. Burch, Esq. (0087852)